IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAREE HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. CIV-16-1336-D |
| v. | ) | |
| | ) | |
| WARDEN [AND] BUREAU OF PRISONS, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, filed her Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 14, 2016. Raising due process issues, Petitioner challenges a disciplinary proceeding conducted in October 2015 in which she was found guilty of a misconduct and good conduct credits were removed from her sentence. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be transferred to the proper Court pursuant to 28 U.S.C. § 1631.

Petitioner initially filed her habeas Petition and Amended Petition and application for leave to proceed *in forma pauperis* in the United States District Court for the Northern District of California. United States District Judge Alsup entered an Order of Transfer on November 21, 2016, directing the transfer of the action to this Court because "[a]ccording to prison officials at [her previous correctional] facility and the Bureau of Prisons website,

1

petitioner is currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma, which lies within the venue of the Western District of Oklahoma." Order of Transfer (Doc. # 6)(Alsup, D.J.). Judge Alsup also deferred ruling on Petitioner's application to proceed *in forma pauperis* to this Court.

Pursuant to 28 U.S.C. § 2241(a), district courts are limited to granting habeas relief "within their respective jurisdictions." "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 11147, 1149 (10th Cir. 2000)(internal quotation marks omitted).

Information available on the United States Bureau of Prisons' website reflects that Petitioner is now confined at the Philadelphia Federal Detention Center located in Philadelphia, Pennsylvania. Philadelphia is located in Philadelphia County, Pennsylvania, within the confines of the United States District Court for the Eastern District of Pennsylvania. Consequently, this Court lacks jurisdiction over the instant Petition.

The "jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). See Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006)(holding § 1631 gives district courts discretion to determine whether to transfer an action or instead to dismiss it without prejudice). It is recommended, in the interest of justice, that the action be transferred to the United States District Court for the

Eastern District of Pennsylvania. A ruling on Petitioner's *in forma pauperis* application is deferred to the Eastern District of Pennsylvania court.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania. Petitioner is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by December 19th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

The Clerk of the Court is directed to send a copy of this Report and Recommendation by regular mail to Petitioner's last known address: Philadelphia Federal Detention Center, Philadelphia, Pennsylvania 19106. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   28th   day of   November  , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE